# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| _____ ) | |
| THE CADLE COMPANY ) | |
| ) | |
| ) | |
| Plaintiff ) | |
| ) | CIVIL ACTION NO. |
| v. ) | |
| ) | 3:01 CV 1103 (AHN) |
| ) | |
| DAVID D'ADDARIO, INDIVIDUALLY AND AS ) | |
| EXECUTOR OF THE ESTATE OF F. FRANCIS ) | |
| D'ADDARIO; LAWRENCE D'ADDARIO, ) | |
| INDIVIDUALLY AND AS EXECUTOR OF THE ) | |
| ESTATE OF F. FRANCIS D'ADDARIO; F. LEE ) | |
| GRIFFITH, III, INDIVIDUALLY AND AS FORMER ) | |
| EXECUTOR OF THE ESTATE OF F. FRANCIS ) | |
| D'ADDARIO; BARBARA PAOLINI, AS EXECUTOR ) | |
| OF THE ESTATE OF ALBERT F. PAOLINI; ) | |
| MATTHEW B. WOODS, AS EXECUTOR OF THE ) | |
| ESTATE OF LAWRENCE B. SCHWARTZ; VIRGINIA ) | |
| D'ADDARIO, ANN D'ADDARIO, AND MARY LOU ) | |
| D'ADDARIO ) | |
| Defendants ) | |
| ) | |
| _____ ) | JULY 20, 2004 |

## SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OF DEFENDANTS DAVID D'ADDARIO, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF F. FRANCIS D'ADDARIO, AND LAWRENCE D'ADDARIO, INDIVIDUALLY AND AS <u>EXECUTOR OF THE ESTATE OF F. FRANCIS D'ADDARIO</u>

**ORAL ARGUMENT REQUESTED**

## INTRODUCTION

Plaintiff The Cadle Company "Cadle", through this duplicative federal lawsuit, is attempting to circumvent the Probate process by pressuring the decedent's family to pay its claim outside of the probate system. The assets of the Estate remain under the custody of the Probate Court and the issue of the Executor's fiduciary duty has been litigated extensively in State Court. There are currently three ongoing civil cases concerning the D'Addario Estate in Superior Court, *David D'Addario v. Appeal from Probate*, Docket No. CV-02-0392497-S, *Cadle Company v. David D'Addario Exec*, Docket No. CV-02-0395985-S, and *Cadle Company v. Appeal Probate Trumbull*, Docket No. CV-02-0393556-S. In addition, the issues raised in this federal case were fully litigated up to the Connecticut Supreme Court in *Cadle Co. v. D'Addario*, 268 Conn. 441 (2004), after a five day trial and an appeal to the Supreme Court. The current Federal case is not only duplicative of these cases, but it has and will prolong the closing of the estate.

## ARGUMENT

### A.  The Probate Exception Still Mandates Dismissal.

Since the submission of the Defendants' Motions to Dismiss in 2001, the Second Circuit and its district courts have continued to mandate dismissal in cases where the probate exception applies. *See Moser v. Pollin,* 294 F. 3d 335 (2d Cir. 2002) and

*Lefkowtiz v. The Bank of New York*, 2003 WL 22480049 (S.D.N.Y.)(copy attached). In

*Moser*, the Second Circuit found that the district court lacked subject matter jurisdiction

where a plaintiff attempted to interfere with probate proceedings by bringing an

interrelated claim before the district court. *Moser*, 294 F. 3d at 345. The Second Circuit

emphasized that the use of the probate exception was not only well established, but was

also mandated by the Supreme Court where probate matters are concerned. *Id.* at 340.

The Court held that the failure of some federal courts to dismiss cases under the probate

exception was error, in that retention of jurisdiction by federal courts enabled parties to

circumvent probate proceedings and render those proceedings a rubber-stamping

enterprise. *Id.* at 343, 345.

     While *Moser* reinvigorated the probate exception, in *Lefkowitz*, 2003 WL

22480049, at *4-5, the United States District Court of the Southern District of New York

found that application of the probate exception was required under circumstances

remarkably similar to this case. In *Lefkowitz,* a disgruntled beneficiary brought several

claims arising out of the conduct of an estate's administrator, including breach of

fiduciary duty, conversion, and fraud. *Id.* at *1.[1] Likewise, the present case involves a

disgruntled creditor lodging similar claims regarding the fiduciaries' conduct. The Court,

---

[1] Many of these causes of action are present here.

in *Lefkowitz*, dismissed the claims, because the "estates have already been submitted to probate and those proceedings have been extensive, are ongoing, and indeed entailed litigation of some of the same or closely related issues Lefkowitz raises in this action." *Id.* at *3. Because the federal court's retaining jurisdiction would "involve this Court in determining the timing and amount of distributions from…estates," the Court found that impermissible interference with the probate proceedings would undoubtedly occur and that the probate exception must be applied. *Id.* at *4. Cadle is requesting the exact interference which was forbidden by the *Lefkowitz* Court. Therefore, this Court, following *Lefkowitz*, should dismiss this case under the probate exception.

Not only have the Second Circuit and lower courts reinforced the importance of the probate exception since 2001, these Courts have explicitly rejected the precedent Cadle relies upon in its opposition memorandum. *Giardina v. Fontana*, 733 F.2d 1047 (2d Cir. 1984), *Dulce v. Dulce*, 233 F.3d 143 (2d Cir. 2000) and *Ashton v. Josephine Bay & C. Michael Paul Foundation, Inc.*, 918 F. 2d 1065 (2d Cir. 1990) were distinguished by the Second Circuit, because the estate at issue in those cases was not presently before the probate court. *Moser*, 294 F. 3d at 343-344. Likewise, plaintiff's reliance on *Celantano v. Furer,* 602 F. Supp. 777 (S.D.N.Y. 1985), is misplaced, because the *Lefkowitz* Court found that *Celantano* involved a wholly distinct issue, a dispute over a

contract to make a will, which unlike claims involving the administration of an estate, would not cause interference with probate proceedings. *Lefkowitz*, 2003 WL 22480049, at *4, *5. This Court, following *Lefkowitz*, should reject the cases that Cadle has cited as inapposite and enforce the probate exception.

By dismissing this case under the probate exception, this court will be acknowledging, as the Supreme Court, Second Circuit and lower Courts have, that interference with probate proceedings mandates dismissal.

**B.  The Court Should Dismiss Cadle's Complaint in Accordance with the Colorado River Abstention Doctrine.**

Since the filing of the Motions to Dismiss, the United States District Court for the Southern District of New York has again upheld the doctrine of *Colorado Rive*r abstention. *Gen. Star Int'l Indem. Ltd v. Chase Manhattan Bank.,* 2002 WL 850012 (S.D.N.Y. 2002)(copy attached), *affirmed*, 57 Fed. Appx. 892 (2d Cir. 2003 (summary order only). The *General Star* Court held that abstention is especially appropriate where, as in this case, the Complaint sounds in solely state causes of action and the state court judges[2] are already intimately familiar with the facts and arguments of a complex case. In *General*

---

[2] Justice Gammerman in *General Star International Indemnity* and Judge Chiota in the present Cadle case both have had a large amount of experience with the facts and claims involved in the litigation.

*Star*, the Court dismissed the action where balance tipped slightly in favor of the Defendants and the Court was particularly concerned about piecemeal litigation. In this case, the balancing of the *Colorado River* factors weighs even more heavily in favor of Defendants because litigation among the parties has been extensive in state court and substantial discovery[3] and a five-day trial have already occurred in state court.  No such extensive state court discovery had occurred in *General Star* and the court dismissed regardless.  In this matter, there are three other ongoing state court lawsuits and the action to remove the executors has been fully and finally litigated.  Therefore, a balancing of factors, including the most important--avoidance of piecemeal litigation--dictates that this federal court abstain from hearing this case under the *Colorado River* Abstention Doctrine.

## CONCLUSION

For the foregoing reasons, the Defendants respectfully request that this Court

---

[3] Plaintiff has had access to thousands of Defendants' documents in state court, has deposed the estate's representatives and accountants, and has made an extensive forensic accounting analysis of the estate in the various state court actions.

dismiss Cadle's Complaint in its entirety.

**DEFENDANTS, DAVID D'ADDARIO, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF F. FRANCIS D'ADDARIO, AND LAWRENCE D'ADDARIO, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF F. FRANCIS D'ADDARIO**

By:\_\_/s/ Gary S. Klein_____
       Gary S. Klein (ct09827)
       Sandak Hennessey & Greco, LLP
       970 Summer Street
       Stamford, CT 06905
       (203) 425-4200
       (203) 325-8608
       gklein@shglaw.com
       Their Attorneys

## CERTIFICATION

I certify that a copy of the foregoing was sent via first class mail, postage prepaid,

on this July 20, 2004 to:

Barbara S. Miller, Esq.
Brody Wilkinson and Ober
2507 Post Road
Southport, CT 06490-1259

Michael C. Albano, Esq.
Sabia & Hartley, LLC
190 Trumbull Street
Suite 202
Hartford, CT 06103

Matthew B. Woods, Esq.
Goldman Gruder & Woods, LLC
200 Connecticut Avenue
Norwalk, CT 06854

Allan M. Cane, Esq.
325 Reef Road
Fairfield, CT 06430

  /s/ Gary S. Klein
Gary S. Klein