FILED

2004 JUL 26  A 9: 17

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE CADLE COMPANY | : 3:01 CV 1103 (AHN) |
| Plaintiff, | : |
| v. | : |
| DAVID D'ADDARIO, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF F. FRANCIS D'ADDARIO; LAWRENCE D'ADDARIO, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF F. FRANCIS D'ADDARIO; F. LEE GRIFFITH, III, INDIVIDUALLY AND AS FORMER EXECUTOR OF THE ESTATE OF F. FRANCIS D'ADDARIO; BARBARA PAOLINI, AS EXECUTOR OF THE ESTATE OF ALBERT F. PAOLINI; MATTHEW B. WOODS, AS EXECUTOR OF THE ESTATE OF LAWRENCE B. SCHWARTZ; VIRGINIA D'ADDARIO, ANN D'ADDARIO, AND MARY LOU D'ADDARIO | : |
| Defendants | : JULY 23, 2004 |

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT BARBARA PAOLINI, EXECUTRIX OF THE ESTATE OF ALBERT F. PAOLINI**

In her Memorandum In Support of Motion to Dismiss dated October 26,

**Oral Argument Requested**

2001, defendant Barbara Paolini, executrix, argued that this action against her should be dismissed because the plaintiff failed to properly file a claim with her as executrix of her late husband's estate. After the date of the aforesaid memorandum, the plaintiff filed a claim with Ms. Paolini dated February 21, 2002. After Ms. Paolini did not respond to this claim for a period of ninety days, on May 24, 2002, the plaintiff gave notice pursuant to Section 45a-360(c) of the Connecticut General Statutes demanding that Ms. Paolini act upon its claim. Ms. Paolini elected again not to respond to this demand, and as such, the claim was deemed to have been rejected as of June 23, 2002. Connecticut General Statutes Section 45a-360(c).

Because the pending litigation was filed by the plaintiff against Ms. Paolini almost two years prior to the presentation of its claim, this Court remains without subject matter jurisdiction. As such, despite the subsequent filing of the claim and its rejection, this case should be dismissed as to Ms. Paolini.

In her memorandum of October 26, 2001, Ms. Paolini relied upon the case of Blewett v. Petrokubi, 94 WL 422650, a copy of which is attached to the October 26, 2001 memorandum. In the Blewett case, the plaintiff failed to file a

claim with the fiduciary prior to filing suit. The Court held that this prerequisite to litigation is jurisdictional in nature and dismissed the lawsuit. The plaintiff had argued that the case should not be dismissed because the defendant fiduciary rejected the plaintiff's claim after the litigation had been filed. The Court rejected this argument. *See also* Connecticut National Bank v. Estate of Fred E. Copeland, Sr., 92-CBAR-0461, a copy of which is attached.

Section 45a-363(a) of the Connecticut General Statutes specifically states, "[n]o person who has presented a claim shall be entitled to commence suit unless and until such claim has been rejected, in whole or in part, as provided in Section 45a-360." This statutory language expressly precludes filing suit until after the claim has been presented and denied.

This case is clearly distinguishable from the holding in Cross v. Hudon, Conservator, 42 Conn. App. 59 (1996). In the Cross case, an action was filed against Paul Hudon as the conservator of the estate of Helen Benny. After Ms. Benny died, the executrix of her estate moved to be substituted as the defendant in the pending action. The court held that because the action had been filed before the death of Ms. Benny, the requirement of the claims filing procedure were

3

inapplicable to that action.

In this case, litigation was commenced after the death of Albert F. Paolini. As such, the plaintiff was required to comply with the claims procedure prior to filing any lawsuit. Failure to do so is a jurisdictional defect, which could not be corrected by filing a claim while the lawsuit is pending.

For the foregoing reasons as well as those set forth in the supplemental memorandum of law filed by David D'Addario and Lawrence D'Addario, the defendant Barbara Paolini, executrix, respectfully requests that this Court dismiss the plaintiff's complaint against her.

                **THE DEFENDANT**
                **BARBARA PAOLINI, AS**
                **EXECUTRIX OF THE ESTATE**
                **FOR ALBERT F. PAOLINI**

*Barbara Smith* (signature)
Barbara S. Miller ct 07178
Brody, Wilkinson and Ober, P.C.,
2507 Post Road
Southport, CT 06490
Phone: 203-319-7100
Fax: 203-254-1772
bmiller@brodywilk.com

## **CERTIFICATION**

I hereby certify that a copy of the above was mailed on July 23, 2004 to all counsel of record as follows:

Michael G. Albano
Sabia & Hartley, LLC
190 Trumbull Street
Suite 202
Hartford, CT 06103

Matthew B. Woods, Esq.
Goldman, Gruder & Woods, P.C.
200 Connecticut Avenue
Norwalk, CT 06854

Allan M. Cane, Esq.
325 Reef Road
Fairfield, CT 06430

Gary S. Klein, Esq.
Sandak, Freidman, Hennessey & Greco, LLP
970 Summer Street
Stamford, CT 06905

_____
Barbara S. Miller, Esq.

H:\A\Paolini.B\TE\supplemental.memorandum.07-22-04.wpd

**92-CBAR-0461; CNB v. Copeland;**

**Short Name**: CNB v. Copeland

**Long Name**: Connecticut National Bank v. Estate of Fred E. Copeland, Sr.

Other Parties:

Conn. L. Rptr. Cite: 6 Conn. L. Rptr. 297

Docket Number: 64114

As-is Docket Number: 64114

Other Docket Numbers:

As-is Other Docket Numbers:

Venue: Superior Court at Middletown

File Date: April 7, 1992

Caption Date:

Judge (with first initial, no space for Sullivan, Dorsey, and Walsh): AUSTIN

Opinion Title:

The plaintiff, Connecticut National Bank, brings suit against the estate of Fred Copeland to recover $234,432.78 allegedly owed by the decedent under the terms of certain promissory notes payable to the plaintiff. The parties do not dispute the following facts. The administratrix of the estate, Sandi Copeland, although not named in the suit, received notice of the plaintiff's claim via service upon Probate Judge Deborah M. Holcomb. See General Statutes Sec. 45a-358(b) (if estate's fiduciary resides outside Connecticut, claims may be filed with probate judge in district where estate is being settled).

The decedent died on July 6, 1990. Judge Holcomb received the plaintiff's claim by letter dated October 25, 1990. Additionally, the plaintiff sent a second letter to the administratrix on December 28, 1990, reminding her of the outstanding claim. The administratrix has not taken any action regarding the claim.

On December 13, 1991, the probate court, Holcomb, J., received service of process for the present suit in the form of a complaint and an application for a prejudgment remedy. The administratrix moves to dismiss the complaint, arguing that the court lacks subject matter jurisdiction. Both parties have filed a memorandum of law and argued the matter at short calendar before Austin, J., on February 18, 1992.

The motion to dismiss is the proper vehicle with which to challenge the court's subject matter jurisdiction. Practice Book Sec. 143(1).

In support of the motion to dismiss, the defendant argues that the court lacks subject matter jurisdiction because (1) proceedings involving the estate are pending in probate court and (2) the administratrix is not named in the suit as a defendant. The plaintiff counters that (1) the suit is proper because the

plaintiff's claim to the administratrix is deemed to have been rejected because more than sixteen months have passed since the claim was made and (2) the administratrix was properly served.

It is found that the court lacks subject matter jurisdiction over the cause of action, but for a different reason than those argued by the defendant. General Statutes Sec. 45a-363 authorizes persons whose claims have been rejected by an administratrix to file suit in superior court within 120 days of the rejection. It is further found that the plaintiff's claim is deemed to have been rejected on February 25, 1991, which was 120 days after the claim was presented to the probate judge. See Sec. 45a-358(e)(3). The plaintiff's prejudgment remedy application and complaint are dated November 15, 1991, and the return date was January 21, 1992. It is found that the plaintiff commenced suit after June 25, 1991, which was the end of the 120-day period after the rejection.

"Unless a person whose claim has been rejected (1) commences suit within one hundred-twenty days from the date of the rejection of his claim . . . he shall be barred from asserting or recovering on such claim from the fiduciary, the estate of the decedent or any creditor or beneficiary of the estate, except for such part as has not been rejected." (Emphasis added.) General Statutes Sec. 45a-363(b).

In construing a similar statute, the appellate court said, "[t]he general rule is that a time limitation on the enforcement of a right, created by statute and not existing at common law, is a part of the right and must be met in order to provide a court with jurisdiction to hear the cause of action." *Wilburn v. Mount Sinai Medical Center*, 3 Conn.App. 284, 288, 487 A.2d 568 (1985).

By way of recapitulation therefore, date of death July 6, 1990, claim filed with Probate Court pursuant to Sec. 45a-358(b) on October 25, 1990, subsequent letter to Probate Court re claim on December 28, 1990, claim deemed to have been rejected on February 25, 1991 pursuant to Sec. 45a-360(c), suit commenced December 13, 1991, and P.J.R. return date January 21, 1992.

It is found that the plaintiff is time-barred from seeking recovery on the promissory notes, thus depriving the court of subject matter jurisdiction.

The court, having found that it lacks subject matter jurisdiction, hereby grants the defendant's motion to dismiss, and it is so ordered.

© Lawriter Corporation. All rights reserved.

The Casemaker™ Online database is a compilation exclusively owned by Lawriter Corporation. The database is provided for use under the terms, notices and conditions as expressly stated under the online end user license agreement to which all users assent in order to access the database.