FILED

2004 AUG 11 P 2:01



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THE CADLE COMPANY, | : | CIVIL ACTION NO. 3:01 CV 1103 (AHN) |
| Plaintiff, | : | |
| v. | : | |
| DAVID D'ADDARIO, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF F. FRANCIS D'ADDARIO, ET AL., | : | |
| Defendants. | : | AUGUST 11, 2004 |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION TO DISMISS OF BARBARA PAOLINI, EXECUTRIX OF THE ESTATE OF ALBERT F. PAOLINI**

Plaintiff, The Cadle Company ("Plaintiff" or "Cadle"), respectfully submits its Supplemental Memorandum of Law in Opposition to the Motion to Dismiss of Defendant Barbara Paolini, Executrix of the Estate of Albert F. Paolini ("Paolini") dated October 26, 2001 (Doc. # 32), and in opposition to Paolini's Supplemental Memorandum of Law dated July 23, 2004 (Doc. # 72) ("Paolini Supp. Memo.").

## I. INTRODUCTION

In both Paolini's Memorandum in Support of Motion to Dismiss dated October 26, 2001 (Doc. # 33) ("Paolini Memo."), and in the Paolini Supp. Memo., Paolini joins in and relies on the arguments set forth in the memoranda in support of the Motion to Dismiss filed by

Defendants David D'Addario and Lawrence D'Addario (the "Co-Executors"). Consequently, the arguments that Plaintiff raised in the memoranda that Plaintiff filed in opposition to the Co-Executors motions are hereby incorporated by reference.

Other than Paolini's invocation of the arguments raised in the Co-Executors' memoranda, Paolini's motion to dismiss is founded solely upon Plaintiff's purported noncompliance with Conn. Gen. Stat. § 45a-363 ("Section 45a-363"). Because, Paolini argues, Plaintiff filed this lawsuit against her before it filed its proof of claim with her as the Executrix of the Estate of Albert F. Paolini (the "Paolini Estate"), and before Plaintiff's demand that the claim be paid was denied, this Court lacks subject matter jurisdiction to adjudicate the instant lawsuit. Paolini's motion to dismiss, to the extent that it is premised on these grounds, must be rejected.

The two Connecticut Superior Court decisions upon which Paolini relies in support of her subject matter jurisdiction have been soundly rejected by the judges of at least three Connecticut Superior Courts. These courts have expressly held that the time limit set forth in Section 45a-363 is purely procedural in nature and not a jurisdictional prerequisite, as Paolini argues here. Consequently, any purported failure on Plaintiff's part to comport with Section 45a-363 may not be the subject of a motion to dismiss for lack of subject matter jurisdiction. Instead, it may only give rise, if at all, to an affirmative defense, which Paolini must specifically plead in her answer pursuant to Fed. R. Civ. P. 8(c).

## II. ARGUMENT AND AUTHORITIES

A. **That Portion Of Paolini's Motion To Dismiss That Is Premised On A Purported Violation Of Section 45a-363 Must Be Rejected Because The Time Constraints Of Section 45a-363 Are Merely A Statue Of Limitations, Which Must Be Affirmatively Pled, And Not A Jurisdictional Prerequisite.**

Paolini's reliance on Connecticut National Bank v. Copeland, No. 64114, 1992 WL 91666 (Conn. Super. Ct. April 7, 1992) (Austin, J.),[1] and Blewett v. Petrokubi, No. CV93 303303, 1994 WL 422650 (Conn. Super. Ct. Aug. 2, 1994) (Maiocco, J.),[2] is misplaced. The specific holdings of these two decisions on which Paolini relies have been rejected in least three subsequent Connecticut Superior Court decisions. These courts have held that the time constraints set forth in Section 45a-363 are merely a statute of limitations, and not a jurisdictional prerequisite. Consequently, any purported violation of Section 45a-363 must first be raised by Paolini as an affirmative defense in her answer; it cannot be the subject of a motion to dismiss based on lack of subject matter jurisdiction.[3]

In Northeast Savings, F.A. v. Milazzo, 44 Conn. Supp. 477 (1996) (Satter, J.), the

---

[1] A Westlaw version of the Connecticut National Bank decision, and all other unreported decisions cited herein, are attached hereto, collectively, as Exhibit A.

[2] Paolini attached a Westlaw version of the Blewett decision to the Paolini Memo. as Exhibit A.

[3] Paolini's motion to dismiss should also be dismissed for the simple reason that it elevates form over substance. Paolini can hardly deny that she received notice of Plaintiff's claim against the Paolini Estate. Having received such notice, she should not be permitted to evade the obligations presented by Plaintiff's properly filed claim.

-3-

Superior Court was called upon to decide, as here, "whether failure to comply with § 45a-363 is a jurisdictional defect or whether failure to comply gives rise to the defense of the statute of limitations which must be specially pleaded." Northeast Savings, F.A., 44 Conn. Supp. at 478. Although the defendants in Northeast moved to dismiss because of the plaintiff's alleged violation of Section 45a-363, the Northeast Court denied the motion, holding that adherence to time constraints of Section 45a-363 is not a jurisdictional prerequisite, and, therefore, not an issue appropriate for a motion to dismiss:

> In the present case, § 45a-363 is purely procedural in nature, governing the time within which to file a suit against an estate when the claim has been rejected by an executor or administrator. The statute does not create the right of action upon which the claim is based, as § 45a-555 does for a wrongful death case, and thus is not a "jurisdictional defect."

Id. at 480. The Northeast Court specifically considered – and rejected – the defendant executors' reliance on both the Connecticut National Bank v. Copeland and Blewett v. Petrokubi[4] Decisions because the Northeast Court found that they were premised on a misapplication of Ecker v. West Hartford, 205 Conn. 219 (1987), a matter that involved an

---

[4] Although the Blewett v. Petrokubi decision (CV 94-0316163, 1995 WL 70296 (Conn. Super. Ct. Feb. 10, 1995) (Hauser, J.)) that was rejected by the Northeast Court was different from the decision by the same name that Paolini relies upon, both Blewett courts addressed the identical issue regarding Section 45a-363, and both Blewett courts held that the statute was a jurisdictional prerequisite rather than a statute of limitation. With regard to Section 452-363, the Blewett decision by Judge Hauser relied on the Blewett decision by Judge Maiocco. Blewett, 1995 WL 70296, at * 2.

SABIA & HARTLEY, LLC • ATTORNEYS AT LAW
190 TRUMBULL STREET • SUITE 202 • HARTFORD, CT 06103-2205 • (860) 541-2077 • FAX (860) 713-8944

action for wrongful death pursuant to Conn. Gen. Stat. § 52-555. The Northeast Court noted that the critical element to the Ecker Court's analysis of Section 52-555 was the fact that "an action for wrongful death did exist at common law but rather was created by § 52-555 which also contained the time limitation."

Contrasting Section 52-555 with Section 45a-363, and relying on Orticelli v. Powers, 197 Conn. 9 (1985), the Northeast Court held that Section 45a-363 is nothing more than a statute of limitations because the right of action to bring a suit on a claim that has been rejected by an executor was not created by Section 45a-363, which merely contains the limitation of time to bring a claim:

> The [Orticelli] Court said "[t]he general rule is that where the right of action exists independently of the statute in which the limitation is found, such a statutory bar is considered personal and procedural, and it is deemed waived unless it is specially pleaded." [Orticelli, 197 Conn.] at 15, 495 A.2d 1023.
>
> Section 45a-363 and its predecessors has long been recognized as "simply a statute of limitations." Grant v. Grant, 63 Conn. 530, 29 A. 15 (1893). Brown & Brothers v. Brown, 56 Conn. 249, 252, 14 A. 718 (1888). Its purpose is "to compel an early settlement of estate." Spaulding v. Butts, 6 Conn. 28, 30 (1825). Although these are old cases, they state the current law. G. Wilhelm, Connecticut Estates Practice, Settlement of Estates, § 213 (1974).

Northeast, 44 Conn. Supp. at 481.

The holding of the Northeast Decision has been followed by at least two Connecticut Superior Courts: Goldblatt, Greenstein & Rashba, P.C. v. Ambro, CV 98-0410318, 2001 WL

-5-

106371, at * 3 (Conn. Super. Ct. Jan. 24, 2001) (Blue, J.) ("[Section] 45a-363 is a statute of limitation rather than a jurisdictional prerequisite.") (citing Northeast, 44 Conn. Supp. at 480-81), and Mooney v. Murphy, CV 99-0335987S, 2001 WL 291037 (Conn. Super. Ct. March 14, 2001) (Adams, J.):

> This court concludes that the provisions of § 45a-363 barring suits filed later than one hundred twenty days after rejection of a claim do not implicate the subject matter jurisdiction of the court, and therefore, the motion to dismiss should be denied. . . First, this lawsuit is premised on the allegations of negligence [as here, in the lawsuit before this Court] against the deceased, Dennis O'Sullivan. Tort claims against the estates of deceased persons, while not recognized at common law, have been permitted at least since 1903, long before the enactment of § 45a-363. See G. Wilhelm, Settlement of Estates in Connecticut 2d (1999) c. 8. In addition, as this court understands the statutory history, prior to the enactment of § 45a-363, tort claims such as the plaintiff's were not subject to the one hundred twenty day limitation . . . Thus, this court holds that the remedy sought by the plaintiff in this case was not created by § 45a-363, and the time limitation contained therein does not involve the subject matter jurisdiction of the court.
>
> Second, the above rationale was essentially adopted by the court in Northeast . . . which held that the limitation period of § 45a-363 was not a jurisdictional prerequisite, but a statute of limitations. This court finds that the rationale of Northeast Savings is sound.

Mooney v. Murphy, 2001 WL 291037, at * 2-3 (internal citations and footnotes omitted) (rejecting the holding of Blewett v. Petrokubi, 1995 WL 70296, regarding Section 45a-363).

It is evident that Paolini has relied in vain on the Blewett and Connecticut National

-6-

SABIA & HARTLEY, LLC • ATTORNEYS AT LAW
190 TRUMBULL STREET • SUITE 202 • HARTFORD, CT 06103-2205 • (860) 541-2077 • FAX (860) 713-8944

Bank Decisions.[5] The well-reasoned decisions of the Northeast, Goldblatt, and Mooney Courts all reject the position that Paolini has taken with regard to Section 45a-363. Consequently, to the extent that her motion to dismiss is premised on Plaintiff's purported violation of Section 45a-363, her motion should be denied.

> **B. Plaintiff Was Effectively Barred From Bringing A New Lawsuit After Paolini Purportedly Rejected Plaintiff's Claim Because The Purported Deadline For Filing Such A Claim Passed While All Proceedings In This Lawsuit Were Essentially Stayed.**

Paolini alleges Plaintiff should have brought this lawsuit against her within 120 days after she had rejected Plaintiff claim as of June 23, 2002. Paolini's Supp. Memo., at p. 2. In making this argument, Paolini neglects to mention that all aspects of this lawsuit were effectively at a standstill pursuant to an order of the Court dated November 27, 2001. Endorsement granting Doc. # 31-1. This Order granted the Defendants' various motions to stay discovery through the later of either (1) the Court's decision on the motions to dismiss, or (2) the final resolution of the action to remove the Co-Executors in Connecticut Superior Court.

Because the action in Superior Court eventually worked its way up to the Connecticut Supreme Court, all aspects of this litigation have essentially been the subject of a *de facto* stay since November 27, 2001. This all-encompassing stay effectively prevented Plaintiff from taking any action with regards to this lawsuit, including Plaintiff's option to withdrawal the

---

[5] It appears that no Connecticut court has relied on the holdings of either of these decisions.

-7-

claims against Paolini and subsequently refile and serve Paolini with these same claims in order to formally comport with Section 45a-363 and its related statutes. Consequently, any obligation Plaintiff may have had to follow the time frame set forth in Section 45a-363 was tolled, and continues to remain tolled, by this Court's Order of November 27, 2001.

### III. CONCLUSION

For all the foregoing reasons, and for all the reasons presented in Plaintiff's Opposition Memoranda dated December 14, 2001 (Doc. # 53), February 1, 2002 (Doc. # 63), and August 11, 2004 (Plaintiff's Supplemental Memorandum in Opposition to Co-Executor's Motion to Dismiss), this Court should deny, in its entirety, the motion to dismiss of Barbara Paolini, Executor of the Estate of Albert F. Paolini.

                                            PLAINTIFF,
                                            THE CADLE COMPANY

                                            By_____
                                            Michael G. Albano
                                            Federal Bar CT 21440
                                            Sabia & Hartley, LLC
                                            190 Trumbull Street, Suite 202
                                            Hartford, CT 06103
                                            Telephone: (860) 541-2077
                                            Facsimile: (860) 713-8944
                                            malbano@sabiahart.com
                                            Its Attorneys

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent to counsel by regular mail, on this 11th day of August, 2004, to the following:

Gary S. Klein, Esq.
Sandak Hennessey & Greco, LLP
970 Summer Street
Stamford, CT 06905

Allan B. Taylor, Esq.
Day, Berry & Howard LLP
CityPlace I
Hartford, CT 06103-3499

Barbara S. Miller, Esq.
Brody, Wilkinson & Ober, P.C.
2507 Post Road
Southport, CT 06490

Matthew B. Woods, Esq.
Goldman, Gruder & Woods, P.C.
200 Connecticut Ave.
Norwalk, CT 06854

Allan M. Cane, Esq.
325 Reef Road
Fairfield, CT 06430

_____
Michael G. Albano

E:\WPDOCS\CADLE\Daddario\mol.supp.opp.dismiss.Paolini.wpd

SABIA & HARTLEY, LLC • ATTORNEYS AT LAW
190 TRUMBULL STREET • SUITE 202 • HARTFORD, CT 06103-2205 • (860) 541-2077 • FAX (860) 713-8944