Westlaw.

Not Reported in A.2d
1992 WL 91666 (Conn.Super.), 6 Conn. L. Rptr. 297
**(Cite as: 1992 WL 91666 (Conn.Super.))**

Page 1

▷
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Connecticut, Judicial District of Middlesex.

CONN. NATIONAL BANK
v.
ESTATE of Fred E. COPELAND, Sr.

No. 64114.

April 7, 1992.

*MEMORANDUM OF DECISION*

AUSTIN, Judge.

*ISSUE*

*1 Does the court have subject matter jurisdiction over the plaintiff's claim?

*FACTS*

The plaintiff, Connecticut National Bank, brings suit against the estate of Fred Copeland to recover $234,432.78 allegedly owed by the decedent under the terms of certain promissory notes payable to the plaintiff. The parties do not dispute the following facts. The administratrix of the estate, Sandi Copeland, although not named in the suit, received notice of the plaintiff's claim via service upon Probate Judge Deborah M. Holcomb. See General Statutes Sec. 45a-358(b) (if estate's fiduciary resides outside Connecticut, claims may be filed with probate judge in district where estate is being settled).

The decedent died on July 6, 1990. Judge Holcomb received the plaintiff's claim by letter dated October 25, 1990. Additionally, the plaintiff sent a second letter to the administratrix on December 28, 1990, reminding her of the outstanding claim. The administratrix has not taken any action regarding the claim.

On December 13, 1991, the probate court, Holcomb, J., received service of process for the present suit in the form of a complaint and an application for a prejudgment remedy. The administratrix moves to dismiss the complaint, arguing that the court lacks subject matter jurisdiction. Both parties have filed a memorandum of law and argued the matter at short calendar before Austin, J., on February 18, 1992.

*DISCUSSION*

The motion to dismiss is the proper vehicle with which to challenge the court's subject matter jurisdiction. Practice Book Sec. 143(1).

In support of the motion to dismiss, the defendant argues that the court lacks subject matter jurisdiction because (1) proceedings involving the estate are pending in probate court and (2) the administratrix is not named in the suit as a defendant. The plaintiff counters that (1) the suit is proper because the plaintiff's claim to the administratrix is deemed to have been rejected because more than sixteen months have passed since the claim was made and (2) the administratrix was properly served.

It is found that the court lacks subject matter jurisdiction over the cause of action, but for a different reason than those argued by the defendant. General Statutes Sec. 45a-363 authorizes persons whose claims have been rejected by an administratrix to file suit in superior court within 120 days of the rejection. It is further found that the plaintiff's claim is deemed to have been rejected on February 25, 1991, which was 120 days after the claim was presented to the probate judge. See Sec. 45a-358(e)(3). The plaintiff's prejudgment remedy application and complaint are dated November 15, 1991, and the return date was January 21, 1992. It is found that the plaintiff commenced suit after June 25, 1991, which was the end of the 120 day period after the rejection.

"Unless a person whose claim has been rejected (1) commences suit within one hundred-twenty days from the date of the rejection of his claim ... he shall be *barred* from asserting or recovering on such claim from the fiduciary, the estate of the decedent or any creditor or beneficiary of the estate, except for such part as has not been rejected." (Emphasis added.) General Statutes Sec. 45a-363(b).

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Case 3:01-cv-01103-AHN    Document 75-2    Filed 08/11/2004    Page 2 of 11

Not Reported in A.2d                                                                    Page 2
1992 WL 91666 (Conn.Super.), 6 Conn. L. Rptr. 297
**(Cite as: 1992 WL 91666 (Conn.Super.))**

*\*2 In construing a similar statute, the appellate court said, "[t]he general rule is that a time limitation on the enforcement of a right, created by statute and not existing at common law, is a part of the right and must be met in order to provide a court with jurisdiction to hear the cause of action." *Wilburn v. Mount Sinai Medical Center,* 3 Conn.App. 284, 288, 487 A.2d 568 (1985).

By way of recapitulation therefore, date of death July 6, 1990, claim filed with Probate Court pursuant to Sec. 45a-358(b) on October 25, 1990, subsequent letter to Probate Court re: claim on December 28, 1990, claim deemed to have been rejected on February 25, 1991 pursuant to Sec. 45a-360(c), suit commenced December 13, 1991 P.J.R. return date January 21, 1992.

It is found that the plaintiff is time-barred from seeking recovery on the promissory notes, thus depriving the court of subject matter jurisdiction.

*CONCLUSION*

The court, having found that it lacks subject matter jurisdiction, hereby grantes the defendant's motion to dismiss, and it is so ordered.

1992 WL 91666 (Conn.Super.), 6 Conn. L. Rptr. 297

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in A.2d  
1995 WL 70296 (Conn.Super.)  
**(Cite as: 1995 WL 70296 (Conn.Super.))**

Page 1

▷  
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Connecticut, Judicial District of Fairfield, at Bridgeport.

Joyce BLEWETT  
v.  
ESTATE OF Rose PETROKUBI.

CV94 031 61 63.

Feb. 10, 1995.

*MEMORANDUM OF LAW ON DEFENDANT'S MOTION TO DISMISS NO. 106*

HAUSER, Judge.

*1 In a complaint filed on August 18, 1994, the plaintiff, Joyce Blewett, alleges that on December 3, 1986, she entered into an oral agreement with Rose Petrokubi, the decedent of the named defendant, in this case the Estate of Rose Petrokubi, to perform personal services for the decedent. The plaintiff alleges that in return for her services, the decedent agreed to bequeath (in her will) one half the value of her home to the plaintiff. The decedent died on January 31, 1993, leaving a will in which she bequeathed $1,000.00 to the plaintiff. On March 10, 1993, the plaintiff filed a claim for payment in the amount of one half of the value of the decedent's home with the executor of the decedent's estate.

On April 20, 1993, the plaintiff filed a two count complaint in Superior Court naming the Estate of Rose Petrokubi as defendant. On June 18, 1993, the executor rejected the plaintiff's claim. On August 2, 1994, the court, Maiocco, J. dismissed the plaintiff's suit on the ground that the court lacked subject matter jurisdiction because the suit was commenced before the executor rejected her claim, in violation of General Statutes § 45a-353 et seq. (See *Blewett v. Estate of Petrokubi*, # 30 33 03, Memorandum of Decision Re: Motion to Dismiss # 110, filed on August 2, 1994.)

On August 11, 1994 the plaintiff commenced the present action pursuant to the accidental failure of suit statute, General Statutes § 52-592. In the first count of the complaint, filed on August 18, 1994, the plaintiff alleges a breach of contract claim against the defendant. In the second count, the plaintiff asserts a claim sounding in unjust enrichment.

On November 14, 1994, the defendant filed a motion to dismiss (# 106) the action on the ground of lack of subject matter jurisdiction, along with memorandum of law. The defendant argues that the plaintiff's action should be dismissed because the time limits contained in General Statutes § 45a-363 are limitations upon the plaintiff's right of action and her failure to timely file the action deprives the court of subject matter jurisdiction. The defendant also argues that since the original action was not commenced within the time limits provided by § 45a-363, the accidental failure of suit statute is not applicable to the present case. On December 29, 1994, the plaintiff filed an "objection" and a memorandum in opposition.

Practice Book § 143(1) provides in pertinent part that "[t]he motion to dismiss shall be used to assert ... lack of jurisdiction over the subject matter...." "The motion to dismiss ... admits all facts which are pleaded, invokes the existing record and must be decided upon that alone." *Barde v. Board of Trustees*, 207 Conn. 59, 62, 539 A.2d 1000 (1988). Subject matter jurisdiction is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong." *Castro v. Viera*, 207 Conn. 420, 427, 541 A.2d 1216 (1988). The ground of lack of subject matter jurisdiction may be raised by any of the parties or by the court, sua sponte, at any stage of the proceedings. *Daley v. Hartford*, 215 Conn. 14, 28, 574 A.2d 194 (1990).

*2 "Where ... a specific limitation is contained in the statute which establishes the remedy, the remedy exists only during the prescribed period and not thereafter." *Orticelli v. Powers*, 197 Conn. 9, 15, 495 1023 (1985).
> In such cases, the time limitation is not to be treated as an ordinary statute of limitations, but rather as a limitation on the liability itself, and not of the remedy alone.... The courts of Connecticut have repeatedly

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Case 3:01-cv-01103-AHN   Document 75-2   Filed 08/11/2004   Page 4 of 11

Not Reported in A.2d
1995 WL 70296 (Conn.Super.)
(Cite as: 1995 WL 70296 (Conn.Super.))

Page 2

held that under such circumstances, the time limitation is a substantive and jurisdictional pre-requisite, which may be raised at any time, even by the court sua sponte, and may not be waived.
(Citations omitted.) *Ecker v. West Hartford*, 205 Conn. 219, 232-33, 530 A.2s 1056 (1987).

General Statutes § 45a-363 provides in pertinent part that:
(a) No person who has presented a claim shall be entitled to commence suit *unless and until such claim has been rejected, in whole or in part,* as provided in § 45a-360. (Emphasis added.)
(B) Unless a person whose claim has been rejected (1) commences suit within 120 days from the date of the rejection of his claim, in whole or in part, or (2) files a timely application pursuant to § 45a-364, he shall be barred from asserting or recovering on such claim from the fiduciary ... except for such part as has not been rejected....

Pursuant to this statute, a claimant is not entitled to commence suit until his claim has been rejected by the fiduciary. Then, if the claim is rejected, the claimant must either commence suit within 120 days from the date of the rejection of his claim, or file an application with the probate court pursuant to § 45a-364.

In the present case, the plaintiff's claim was rejected on June 18, 1993. Thus, the plaintiff would have 120 days from that date to either commence suit or file an application pursuant to § 45a-464. It is not alleged that the plaintiff sought to avail herself of § 45a-364. But the plaintiff filed the original action on April 20, 1993, almost two months prior to the date that the fiduciary rejected the plaintiff's claim. Section 45a-363(a) specifically provides that "[n]o person who has presented a claim shall be entitled to commence suit unless and until such claim has been rejected...." "The plain language of the statute ... explicitly bars a complaint based on a presented claim *"unless and until"* it has been rejected...." (Emphasis in original.) *Blewett v. Petrokubi*, Superior Court Judicial District of Fairfield at Bridgeport, Docket No. 303303 (August 2, 1994, Maiocco, J., memorandum of decision at p. 4.) "[G]eneral Statutes § 45a-363(a) requires a rejection of the claim before suit may be instituted...." *Hartford Accident & Indemnity Co. v. Doyle*, 7 Conn.L.Rptr. 490 (November 16, 1992, Spear, J.). Thus the original action which was dismissed for lack of subject matter jurisdiction was never properly commenced, as it was filed prior to the rejection of the plaintiff's claim. Also, the present action was not timely commenced within the limitations period provided by § 45a-363(b), as it was commenced more than 120 days after the fiduciary rejected the plaintiff's claim. (The plaintiff commenced the present suit on August 18, 1994, approximately fourteen months after the fiduciary rejected her claim.)

*3 Nevertheless, the plaintiff contends that the court has subject matter jurisdiction over the present action due to the operation of the accidental failure of suit statute, General Statutes § 52-592. (The plaintiff points out that the original action was dismissed on August 2, 1994, well within six months after the original action was dismissed.) General Statutes § 52-592(a) provides in pertinent part that:
(a) If any action, commenced within the time limited by law, has failed one or more times to be tried on its merits because of insufficient service or return of the writ due to unavoidable accident or the default or neglect of the officer to whom it was committed, or because the action has been dismissed for want of jurisdiction ... the plaintiff ... may commence a new action, except as provided in subsection (b) of this section, for the same cause at any time within one year after the determination of the original action or after the reversal of the judgment.
(b) When any action has been brought against an executor .. and has failed for any of the reasons listed in subsection (a) of the section, the plaintiff ... may commence a new action within six months after the determination of the original action.

The plaintiff's original suit was not commenced "within the time limited by law," as it was not commenced within 120 days after the plaintiff's claim was rejected by the fiduciary. Rather, the original suit was commenced prior to the date that the fiduciary rejected the claim. As previously noted, § 45a-363 explicitly prohibits commencement of a suit prior to the date that the fiduciary rejected the claim. Thus, because the original suit was not commenced "within the time limited by law," as required by § 52-592, the plaintiff cannot avail herself of the accidental failure of suit statute. Accordingly, the court grants the defendant's motion to dismiss on the ground of lack of subject matter jurisdiction.

1995 WL 70296 (Conn.Super.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Westlaw.

Not Reported in A.2d
2001 WL 106371 (Conn.Super.)
(Cite as: 2001 WL 106371 (Conn.Super.))

Page 1

Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Connecticut.

GOLDBLATT, GREENSTEIN & RASHBA, P.C.,
v.
Vicki Ann AMBRO, Executrix.

No. CV980410318.

Jan. 24, 2001.

*MEMORANDUM OF DECISION*

BLUE.

*1 This action for attorneys fees has been tried to the Court together with a counterclaim alleging wrongful receipt of money. For the reasons set forth below, judgment must enter for the plaintiff on both the complaint and the counterclaim.

The plaintiff, Goldblatt, Greenstein & Rashba, P.C. ("Goldblatt"), is a law firm. This case arises out of Goldblatt's representation of Mary Jane Child ("Child") in a family law matter. *Child v. Child,* No. 299917 (N.H.J.D.). Child died on February 2, 1997, after the conclusion of the family case. The defendant, Vicki Ann Ambro ("Ambro"), is the executrix of her estate. The evidence, including several court files which have been judicially noticed, establishes the following facts.

In 1990, Child's husband, Patrick Child, sued her for divorce. *Child v. Child, supra.* On June 6, 1990, Goldblatt filed his appearance for Child. Child and Goldblatt had an oral contract in which Child agreed to pay Goldblatt for his services. The oral contract did not specify a payment date. On April 15, 1992, Child paid Goldblatt $1,230.06 in partial payment of her debt to him on this contract. No other payment was made to Goldblatt during Child's lifetime.

The prayer for relief in *Child v. Child* was subsequently amended to seek a legal separation. On September 4, 1992, the parties filed a Separation Agreement. Under paragraph 7 of that Agreement, each of the parties was to be responsible for their own financial obligations. Paragraph 7 further provided that:
> The husband shall keep and retain all of his interest in and to all savings and retirement plans of which he is a beneficiary through his employment excepting however to the extent of $10,000.00 which shall be transferred to the wife's account by way of a Qualified Domestic Relations Order. The said funds shall be deposited with Attorney Richard Goldblatt in trust to be disbursed by him consistent with the provisions of this agreement and particularly paragraph 7.

On August 1, 1994, a Qualified Domestic Relations Order was signed by Axelrod, J. On September 27, 1995, a second Qualified Domestic Relations Order was signed, also by Axelrod, J.

On May 13, 1996, Goldblatt sent Child an "Interim Statement," stating a balance due of $9,017.94. On May 16, 1996, Goldblatt commenced an action for attorneys fees against Child in the New Haven Superior Court. *Goldblatt, Greenstein & Rashba, P.C. v. Child,* No. 387072 (N.H.J.D.). Attorney Douglas Daniels ("Daniels") appeared for Child in that action.

On October 11, 1996, Patrick Child's employer sent Child a check in the amount of $9,217.18. This sum was a partial (and, apparently, the only) payment of the $10,000 to be transferred to Child's account by way of a Qualified Domestic Relations Order pursuant to paragraph 7 of the Separation Agreement. Under the agreement, Child was obliged to deposit this amount with Goldblatt to be disbursed by him. She instead deposited it with Daniels.

Child died on February 2, 1997. On February 28, 1997, Ambro filed an application for administration of Child's will in the Wallingford Probate Court. On May 2, 1997, Goldblatt sent an Affidavit and Proof of Claim to both Ambro and the Probate Court. The Affidavit claimed that Child was indebted to Goldblatt in the amount of $9,017.94.

*2 On June 20, 1997, the Superior Court dismissed the case of *Goldblatt, Greenstein & Rashba, P.C. v. Child,*

*supra,* for failure to prosecute.

On October 17, 1997, Daniels paid Goldblatt $5,000 out of the $9,217.18 deposited with him by Child. He did so after discussions with Goldblatt and the attorney for Patrick Child (which latter attorney apparently received the rest of the amount in question) but without any authorization from the Wallingford Probate Court. Goldblatt credited the sum he received to Child's outstanding bill.

On February 27, 1998, Goldblatt commenced the present action by service of process. On April 9, 1998, Ambro filed a return of claims in the Wallingford Probate Court. The return lists Goldblatt's claim and states that "0.00" of that claim is allowed. On September 9, 1998, Ambro's attorney wrote a letter to the Probate Court setting forth a list of creditors, including Goldblatt, and stating that "I have written to [these] creditors, seeking substantiation of their respective claims." (No such letter directed to Goldblatt appears in the record.)

On June 15, 1999, Ambro filed a revised return of claims. With respect to Goldblatt's claim, the revised return states, "Atty. Daniels paid $5,000.00/ $4,017.94 Denied." The revised return provides no date of written disallowance. No copy of a written disallowance has been submitted in evidence in the present case by either party.

Goldblatt's complaint consists of a single count alleging Child's nonpayment on a contract for legal services. Goldblatt claims that Child's estate owes him $4,017.94.

Ambro has filed two special defenses and a counterclaim. Her first special defense is that the claim is barred by two different statutes of limitation, Conn.Gen.Stat. §§ 45a-363 & 52-581. Her second special defense is that Goldblatt "had no written fee agreement with the Decedent and is therefore precluded from recovering a fee for legal services from her estate." At argument, Ambro expressly abandoned that portion of her first special defense relying on Conn.Gen.Stat. § 52-581. She additionally abandoned her second special defense in its entirety. She continues to claim that portion of her first special defense relying on Conn.Gen.Stat. § 45a-363. Her counterclaim focuses on the $5,000 paid to Goldblatt by Daniels. It claims that, "The money held by Attorney Daniels should have been turned over to the Defendant for accounting with the Probate Court."

The case was tried to the Court on December 1, 2000. Following the submission of post-trial briefs, it was argued on January 22, 2001.

Given the facts established by the evidence, the issues presented by the pleadings will now be examined in turn.

Goldblatt has established his case-in-chief. He and Child had an oral contract for the provision of legal services in connection with the case of *Child v. Child, supra.* His total bill is for the amount of $10,380, less an "adjustment" of $132; Child's partial payment, mentioned above, of $1,230.06; and Daniel's payment of $5,000. The balance due is $4,017.94. Goldblatt's bill is supported by hourly time records. There is evidence that Child was dissatisfied with the bill toward the end of her life, but no persuasive reasons for her dissatisfaction appear in the evidence. The file of *Child v. Child* indicates that this was a contentious affair. Based on the evidence here, Goldblatt's bill is found to be reasonable.

*3 Ambro's remaining special defense must now be considered. She contends that Goldblatt's claim is barred by Conn.Gen.Stat. §§ 45a-363.

Conn.Gen.Stat. § 45a-363 provides, in relevant part, that:
> Suit against estate on rejected claim; time within which to commence suit or file application. (a) No person who has presented a claim shall be entitled to commence suit unless and until such claim has been rejected, in whole or in part, as provided in section 45a-360.
> (b) Unless a person whose claim has been rejected (1) commences suit within one hundred twenty days from the date of the rejection of his claim, in whole or in part, or (2) files a timely application pursuant to section 45a-364, he shall be barred from asserting or recovering on such claim from the fiduciary, the estate of the decedent or any creditor or beneficiary of the estate, except for such part as has not been rejected.

Sec. 45a-363(a) refers to § 45a-360. Sec. 45a-360 provides that:
> Allowance or rejection of claims. (a) The fiduciary shall: (1) Give notice to a person presenting a claim of the rejection of all or any part of his claim, (2) give notice to any such claimant of the allowance of his claim, or (3) pay the claim.
> (b) A notice rejecting a claim in whole or in part shall

Case 3:01-cv-01103-AHN   Document 75-2   Filed 08/11/2004   Page 7 of 11

Not Reported in A.2d	Page 3
2001 WL 106371 (Conn.Super.)
(Cite as: 2001 WL 106371 (Conn.Super.))

state the reasons therefor, but such statement shall not bar the raising of additional defenses to such claim subsequently.

(c) If the fiduciary fails to reject, allow or pay the claim within ninety days from the date that it was presented to the fiduciary as provided by section 45a-358, the claimant may give notice to the fiduciary to act upon the claim as provided by subsection (a) of this section. If the fiduciary fails to reject, allow or pay the claim within thirty days from the date of such notice, the claim shall be deemed to have been rejected on the expiration of such thirty-day period.

Ambro argues that, because she never gave notice rejecting Goldblatt's claim pursuant to § 45a-360(a)(1) and because Goldblatt never gave notice to her pursuant to § 45a-360(c), Goldblatt's claim is now barred by the one hundred twenty day statute of limitations set forth in § 45a-363(b)(1). This argument is unpersuasive on the facts presented here for two different reasons.

First, § 45a-363 is a statute of limitation rather than a jurisdictional prerequisite. *Northeast Savings, F.A. v. Milazzo*, 44 Conn.Supp. 477, 480-81, 691 A.2d 603, 17 Conn.L.Rptr. 241 (Super.Ct.1996). Ambro's special defense squarely asserts it as such. It is exceedingly difficult to see how a statute of limitation can be said to have run when, according to the party asserting it, the event triggering the running of that statute--here the formal "rejection" of the claim--has not yet occurred. By this analysis, the statute of limitation, far from having expired, has not even begun to run. Ambro shares a good deal of the blame for this, since it is her own inaction upon which she principally relies. The Supreme Court long ago explained, with reference to an ancestor of the statute now in question, that:

> *4 The defendant ... had the power, at any time [s]he chose, to bring the plaintiff's claim within the operation of this statute. But there was only one way for h[er] to do it, and that was, not by remaining silent and omitting to promise payment of the claim or even by unreasonably delaying payment--for from neither of those circumstances could a refusal to pay be implied--but by disallowing and refusing to pay the claim, and giving notice to the plaintiff of such disallowance in terms so unequivocal that he might know with certainty when his claim, if not sued, would be barred. Nothing short of this would have satisfied the requirements of the statute.
> 
> *Bradley v. Vail*, 48 Conn. 375, 385 (1880). Insofar as Ambro's claim that no "rejection" has occurred is correct, her argument that the statute of limitations has run fails on its own terms.

There is a different way to look at § 45a-363, and this brings us to the second problem with Ambro's argument. The "rejection" requirement can be viewed not just as the commencement of a limitations period but as a condition precedent. If Ambro had argued at some point between the commencement of this action (on February 27, 1998) and the filing of her revised return of claims (on June 15, 1999) that the condition precedent had not occurred, her argument might have been a forceful one. See *Wilburn v. Mount Sinai Medical Center*, 3 Conn.App. 284, 288, 487 A.2d 568 (1985). But her revised return of claims expressly states that Goldblatt's claim is "Denied." How can she argue that the condition precedent of "rejection," even if it had not occurred in the past, has not now occurred? Although her "rejection" was neither explicit nor official before, it is both explicit and official now.

Ambro argues that her return of claims, although filed in the Probate Court, was not sent to Goldblatt and therefore fails to meet the requirement of § 45a-360(a)(1) that notice of the rejection be given to the claimant. A party's failure to give notice is a very peculiar argument to be made by that party in support of a claim that a statute of limitation has run against an opponent. Ambro's contention is a bit like the proverbial argument made by a criminal defendant who, having killed his parents, pleads for mercy because he is an orphan. It is Ambro, not Goldblatt, who is responsible for the lack of notice here. It would, of course, be deeply problematic to claim that a statute of limitation began running against Goldblatt if he were not notified of the triggering event. It is not, however, problematic to conclude that Ambro's action satisfies the condition precedent aspect of the statute insofar as it pertains to an action brought against her. She had notice of what she did, and she cannot now claim that there has been no "rejection" of the claim. There has been a "rejection," and that rejection is her own unequivocal action reflected in the revised return of claims. Under these circumstances, her argument that Goldblatt's claim is barred by § 45a-363 cannot be sustained.

Ambro's counterclaim must now be considered. She alleges that, "The money held by Attorney Daniels should have been turned over to the Defendant for accounting with the Probate Court." Whatever the status of a hypothetical claim against Daniels--who is not a party here--Ambro's claim against Goldblatt finds no foundation in the record of this case. The Separation

Case 3:01-cv-01103-AHN   Document 75-2   Filed 08/11/2004   Page 8 of 11

Not Reported in A.2d
2001 WL 106371 (Conn.Super.)
(Cite as: 2001 WL 106371 (Conn.Super.))

Page 4

Agreement, quoted above, establishes that the money which Child turned over to Daniels was not her property. She was, in fact, obliged to turn this money over to Goldblatt for the payment of the debts listed in her financial affidavit. One of those debts was to Goldblatt himself. At least as far as the evidence here indicates, Goldblatt's claim is the only claim listed on Child's financial affidavit that remains unpaid. Under these circumstances, Goldblatt acted properly in applying the money distributed to him by Daniels to Child's debt to him. The money in question was neither Child's property nor part of her estate. It was held in trust not for her benefit but for that of her creditors. Because she was not a beneficiary, the money was not part of her estate. For these reasons, Ambro's counterclaim has not been proved.

*5 Judgment on the complaint shall enter in favor of the plaintiff (Goldblatt) in the amount of $4,017.94.

Judgment on the counterclaim shall enter in favor of the plaintiff (Goldblatt).

2001 WL 106371 (Conn.Super.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

**Westlaw.**

Not Reported in A.2d
2001 WL 291037 (Conn.Super.), 29 Conn. L. Rptr. 81
**(Cite as: 2001 WL 291037 (Conn.Super.))**

Page 1

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Connecticut.

Phyllis A. MOONEY,
v.
Mary MURPHY.

No. CV990335987S.

March 14, 2001.

ADAMS.

MEMORANDUM OF DECISION.

*1 This case arises from an automobile accident which occurred on November 6, 1996. The plaintiff, Phyllis Mooney, alleges that she was struck by a vehicle negligently driven by Dennis O'Sullivan. On November 3, 1998, the plaintiff served a complaint, entitled *Mooney v. O'Sullivan,* alleging negligence. The complaint was served by a deputy sheriff at O'Sullivan's last known abode, and the sheriff's return indicated completed service. Unbeknownst to the plaintiff, and apparently to the deputy sheriff, O'Sullivan had passed away on February 18, 1998, over nine months prior to the service of the complaint against him.

On December 4, 1998, at the behest of the plaintiff and after she became aware of O'Sullivan's death, the Probate Court of Danbury opened the Estate of Dennis O'Sullivan, naming Mary Murphy as the Administratrix. On December 29, 1998, the plaintiff wrote to Murphy asserting a claim against the estate. On January 13, 1999, Murphy denied the plaintiff's claim against the estate via a letter to the plaintiff's counsel. On March 22, 1999, the plaintiff moved to substitute Murphy, as Administratrix of the Estate of Dennis O'Sullivan, as the defendant, in the pending action against Dennis O'Sullivan. On April 14, 1999, counsel for O'Sullivan, as an individual, moved to dismiss the complaint on the ground that the court lacked subject matter jurisdiction over a deceased defendant. The motion to dismiss was granted, and the action was dismissed, Radcliffe, J., on April 26, 1999. [FN1]

> FN1. The court ruled in one sentence: "[A]n action begun and prosecuted against a defendant who is dead when it is begun, is null and void ..." See *O'Leary v. Waterbury Title Co.,* 117 Conn. 39, 47, 166 A. 673 (1933).

The plaintiff filed the present action on June 7, 1999, against the defendant, Mary Murphy, as Administratrix of the Estate of Dennis O'Sullivan. The complaint alleges that the estate is liable for the alleged automobile accident and, pursuant to General Statutes § 45a-363, the plaintiff is seeking damages from the defendant in her capacity as Administratrix.

On November 9, 1999, the plaintiff filed a revised complaint. On June 29, 2000, the defendant moved to dismiss the revised complaint on the ground that the court lacks subject matter jurisdiction because the plaintiff failed to comply with the time requirements of § 45a-363. On July 12, 2000, the plaintiff filed an objection to the motion to dismiss and a request for leave to amend complaint, along with a second revised complaint. On July 14, 2000, the plaintiff filed a second request for leave to amend complaint, accompanied with a third revised complaint. The defendant subsequently filed a supplemental memorandum of law in support of the motion to dismiss on August 14, 2000. On August 30, 2000, the plaintiff filed a supplemental memorandum of law in opposition to the motion. On October 10, 2000, the defendant filed a reply memorandum in support of the motion. Oral argument on the defendant's motion to dismiss took place on November 13, 2000.

The defendant argues, in support of her motion to dismiss, that the plaintiff failed to comply with the requirements of General Statutes § 45a-363, [FN2] which provides that a person, in order to bring suit against an estate, must first file a claim with the administrator and receive a denial of such claim pursuant to General Statutes § 45a-353 et seq. Under § 45a-363, the person presenting the claim to the estate must file an action within one hundred twenty days of the date of the rejection of the claim. In the present case, the defendant asserts that the plaintiff did not file

Case 3:01-cv-01103-AHN   Document 75-2   Filed 08/11/2004   Page 10 of 11

Not Reported in A.2d                                                                                                              Page 2
2001 WL 291037 (Conn.Super.), 29 Conn. L. Rptr. 81
**(Cite as: 2001 WL 291037 (Conn.Super.))**

suit within one hundred twenty days of the rejection letter, and therefore, the court lacks subject matter jurisdiction over the action.

> FN2. General Statutes § 45a-363 provides: (a) No person who has presented a claim shall be entitled to commence suit unless and until such claim has been rejected, in whole or in part, as provided in Section 45a-360. (b) Unless a person whose claim has been rejected (1) commences suit within one hundred twenty days from the date of the rejection of his claim, in whole or in part, or (2) files a timely application pursuant to Section 45a-364, he shall be barred from asserting or recovering on such claim from the fiduciary, the estate of the decedent or any creditor or beneficiary of the estate, except for such part as has not been rejected. If such person dies within thirty days from the date of the rejection of his claim and before suit is commenced or an application is filed, his fiduciary shall be allowed a period of one hundred twenty days from the date of his death within which to commence such suit or to file the application provided for in Section 45a-364. If such person dies more than thirty days but within one hundred twenty days from and including the date of the rejection of his claim and before suit is commenced, his fiduciary shall be allowed a period of one hundred twenty days from the date of his death within which to commence such suit.

A motion to dismiss is the proper vehicle, pursuant to Practice Book § 10- 31(a)(1), to raise a claim that the court lacks subject matter jurisdiction. *Shay v. Rossi*, 253 Conn. 134, 140 n. 8, 749 A.2d 1147 (2000). "Subject matter jurisdiction is the power of [a] court to hear and determine cases of the general class to which the proceedings in question belong." *Lauer v. Zoning Commission*, 220 Conn. 455, 460, 600 A.2d 310 (1991). A motion to dismiss asserts that the alleging party cannot, as a matter of law, state a cause of action that the court could hear. *Gurliacci v. Mayer*, 218 Conn. 531, 544, 590 A.2d 914 (1991).

*2 The defendant argues that the time limitation set forth in § 45a-363 is a jurisdictional requirement rather than a statute of limitation, and therefore, the plaintiff's untimely filing of the present action bars the court from hearing the matter.

"The general rule is that where the right of action exists independently of the statute in which the limitation is found, such a statutory bar is considered personal and procedural, and it is deemed waived unless it is specially pleaded ... The limitation acts as a bar to a remedy otherwise available ... In these instances, a trial court may not raise the limitation on its own motion. Where, however, a specific limitation is contained in the statute which establishes the remedy, the remedy exists only during the prescribed period and not thereafter. In this situation, the court may properly raise the statute of limitations issue on its own motion because it is considered substantive or jurisdictional, and not subject to waiver." (Brackets omitted; citations omitted; internal quotation marks omitted.) *Travelers Indemnity Co. v. Rubin*, 209 Conn. 437, 445-46, 551 A.2d 1220 (1988).

This court concludes that the provisions of § 45a-363 barring suits filed later than one hundred twenty days after rejection of a claim do not implicate the subject matter jurisdiction of the court, and therefore, the motion to dismiss should be denied. The court's determination is based on the following analyses.

First, this lawsuit is premised on the allegations of negligence against the deceased, Dennis O'Sullivan. Tort claims against the estates of deceased persons, while not recognized at common law, have been permitted by statute at least since 1903, long before the enactment of § 45a-363. See G. Wilhelm, Settlement of Estates in Connecticut 2d (1999) c. 8. In addition, as this court understands the statutory history, prior to the enactment of § 45a-363, tort claims such as the plaintiff's were not subject to the one hundred twenty day limitation. [FN3] See General Statutes, Ch. 802b, §§ 45a-390, 45a-395(f). Thus, this court holds that the remedy sought by the plaintiff in this case was not created by § 45a-363, and the time limitation contained therein does not involve the subject matter jurisdiction of the court.

> FN3. P.A. 87-384 differentiated the treatment of claims against estates of decedents dying prior to October 1, 1987 (dealt with under §§ 45a-390 to 45a-419, where tort claims are not subject to the one hundred twenty day limitation) from the claims against estates of decedents dying after October 1, 1987 (dealt with under §§ 45a-353 to 45a-384). Prior to P.A. 87-384, tort claims against all decedents' estates were not subject to the one hundred

Case 3:01-cv-01103-AHN   Document 75-2   Filed 08/11/2004   Page 11 of 11

Not Reported in A.2d
2001 WL 291037 (Conn.Super.), 29 Conn. L. Rptr. 81
(Cite as: 2001 WL 291037 (Conn.Super.))

Page 3

twenty day limitation under the predecessor of § 45a-363.

Second, the above rationale was essentially adopted by the court in *Northeast Savings, F.A. v. Milazzo*, 44 Conn.Supp. 477, 691 A.2d 603, 17 Conn.L.Rptr. 241 (1996), which held that the limitation period of § 45a-363 was not a jurisdictional prerequisite, but a statute of limitation. This court finds that the rationale of *Northeast Savings* is sound. There, the court pointed out the difference between the wrongful death statute, General Statutes § 52-555, which created a cause of action unknown at common law and contains time limitations that are jurisdictional, and § 45a-363, which deals with long recognized causes of action, such as negligence and pre-existing remedies of a suit against a decedent's estate. *Northeast Savings, F.A. v. Milazzo*, supra, 44 Conn.Sup. 480, 17 Conn.L.Rptr. 241. It also relied on Connecticut Supreme Court precedent interpreting the predecessors of § 45a-360 (regarding presentation of claims to the administrator of the estate) and § 45a-363 (regarding filing of suit within one hundred twenty days of the administrator's rejection of the claim). *Id.* That precedent seems to make clear that the one hundred twenty day limitation is not jurisdictional but, rather, a defense which must be specially pleaded. See *Grant v. Grant*, 63 Conn. 530, 546, 29 A. 15 (1893 ); *Brown & Brothers v. Brown*, 56 Conn. 249, 252, 14 A. 718 (1888).

*3 Finally, the defendant relies heavily on *Blewett v. Estate of Petrokubi*, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 316163 (February 10, 1995) (Hauser, J.). A careful reading of that decision, however, demonstrates that it is not supportive of the defendant's position. The *Blewett* case primarily deals with General Statutes § 52-592, the accidental failure of suit statute, which allows in certain circumstances a new action to be filed where a previous action "commenced within the time limited by law" was not determined on its merits. The *Blewett* court held that an action against an estate that was commenced *before* a claim was filed with the estate and necessarily *before* the claim was rejected was not a case "commenced within the time limited by law," because § 45a-363 explicitly prohibits the commencement of a civil suit prior to the filing and rejection of the claim with the administrator of the estate. Thus, the court in *Blewett* found that § 52-592 did not apply because the original action was not properly commenced. There is no express holding in *Blewett* that the one hundred twenty day limitation of § 45a-363 is jurisdictional; at most, the case can be read to say that the court lacks subject matter jurisdiction over a case filed against an estate before a claim is filed with the administrator.

This court holds that the one hundred twenty day limitation set forth in § 45a-363 is a statute of limitation. Thus, the defendant's contention that the plaintiff did not comply with the procedural prerequisite in effect becomes a statute of limitations defense. It is improper to raise such a defense in a motion to dismiss, as it must be specially pleaded. See Practice Book § 10-50; *Ross Realty Corporation v. Surkis*, 163 Conn. 388, 391, 311 A.2d 74 (1972). Accordingly, the defendant's motion to dismiss is denied. [FN4]

> FN4. Because the sole issue of the defendant's motion is whether § 45a-363 is jurisdictional or procedural, the court will not address the issue of whether the savings clauses of General Statutes § 52-592 and § 52-593 apply in saving the plaintiff's action from the one hundred twenty day limitation of § 45a-363.

2001 WL 291037 (Conn.Super.), 29 Conn. L. Rptr. 81

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works