UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THE CADLE COMPANY, | :    CIVIL CASE NO. 3:01 CV 1103 (AHN) |
|     Plaintiff, | : |
| v. | : |
| DAVID D'ADDARIO, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF F. FRANCIS D'ADDARIO, ET AL., | : <br> : |
|     Defendants. | : |

### NOTICE OF APPEAL

1.  Pursuant to F.R.A.P. 4(a)(1), The Cadle Company hereby gives notice and appeals to the United States Court of Appeals for the Second Circuit from the following Order and Judgment: Order of the United States District Court, Nevas, J., presiding, dated December 20, 2005, granting Defendants' motions to dismiss for lack of subject matter jurisdiction, and Judgment of the United States District Court, Nevas, J., presiding, dated January 10, 2006, granting Defendants' motions to dismiss for lack of subject matter jurisdiction.

2.  The Order in this action was entered on December 21, 2005. The Judgment in this action was entered on January 11, 2006. Copies of the Order and Judgment are attached.

                                                          Michael G. Albano
                                                          Fed. Bar No. ct21440
                                                          Sabia & Hartley LLC
                                                           190 Trumbull Street
                                                          Suite 202
                                                          Hartford, CT 06103
                                                          (860) 541-2077

                                                          Dated: January 18, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

THE CADLE COMPANY          :
    Plaintiff,             :
                           :
        v.                 :   Civil NO. 3:01CV1103(AHN)
                           :
DAVID D'ADDARIO, et al     :
    Defendants.            :

RULING AND ORDER ON MOTION TO DISMISS

The Cadle Company ("Cadle"), brings this action against David and Lawrence D'Addario ("the Co-Executors"), as individuals and co-executors of the estate of the late Francis D'Addario ("the Estate"); Barbara Paolini ("Paolini"), the executrix of the estate of her husband, a former co-executor of the D'Addario Estate; Matthew Woods ("Woods"), the executor of the estate of Lawrence Schwartz, a former co-executor of the D'Addario Estate; and three D'Addario family members who are beneficiaries ("the Beneficiaries") of the Estate under his will (collectively "the Defendants").[1] Cadle seeks to collect a debt ("the Debt") the Estate owes it, and asserts five causes of action against all of the Defendants: (1) breach of fiduciary duties; (2) unjust

---

[1] Francis D'Addario's will provided for five co-executors: David and Lawrence D'Addario, sons of the decedent; Albert Paolini, a close friend of the decedent; and Lawrence Schwartz and F. Lee Griffith, two local attorneys. Paolini and Schwartz both died, and Griffith resigned in the early 1990s, leaving only the D'Addario sons as co-executors.

1

enrichment; (3) conversion; (4) statutory theft; and (5) violations of the Connecticut Unfair Trade Practices Act ("CUTPA"). Cadle also alleges that the Co-Executors engaged in self-dealing in their management of the Estate.[2] Now pending before the court are the Defendants' motions to dismiss Cadle's complaint [dkt. ## 32, 34, 48].[3]

The Defendants assert that this court does not have jurisdiction over Cadle's claims because of the probate exception to federal diversity jurisdiction.[4] In opposition, Cadle asserts

---

[2] Cadle alleges a seventh count, which is more accurately described as a prayer for relief consisting of a claim for a constructive trust on loans made by the Estate to the Beneficiaries.

[3] The Defendants first filed motions to dismiss in 2001. This court, observing that Cadle's suit to remove the Co-Executors was then pending in state court, denied the motions "without prejudice to renewal pending resolution of parallel State action." After the Connecticut Supreme Court affirmed the dismissal of Cadle's state-court suit, the Defendants renewed their motions to dismiss Cadle's action.

[4] The Defendants also maintain that the court should abstain under the Colorado River doctrine. See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976). The individual defendants have raised other potential grounds for dismissal: Paolini asserts that Cadle's claim against her is barred because Cadle failed to present its claim to her before pursuing litigation, as required by Connecticut statute. Virginia D'Addario argues that the claims against her should be dismissed under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction because Connecticut's long arm statute, Conn. Gen. Stat. § 52-59b, does not extend to her. The Co-Executors maintain that Cadle's claim against them under CUTPA should be

2

that the probate exception does not apply because this action would not interfere with the ongoing probate proceedings. The court agrees with the Defendants that asserting jurisdiction over Cadle's claims would interfere impermissibly with the process that is continuing, albeit slowly, in the probate court. Thus, the probate exception to federal diversity jurisdiction applies here, and Cadle's claims are dismissed.[5]

## FACTS AND PROCEDURAL HISTORY

Francis D'Addario ("the Decedent") died in a plane crash in Illinois on March 5, 1986, leaving an estate estimated to be worth between $93,000,000 and $94,000,000, with liabilities of between $82,000,000 and $89,000,000. Less than a year before he died, the decedent obtained a loan from the Bank of New Haven ("the Bank") and gave it a demand note in the amount of $1

---

dismissed because they are unpaid and therefore their conduct has not been "in the course of trade or commerce." See Conn. Gen. Stat. § 42-110b. The Beneficiaries assert that Cadle cannot bring an unjust enrichment claim against them because only the Estate, and not Cadle, has standing to enforce such a claim.
   Because the court concludes that the probate exception to federal diversity jurisdiction applies and thus the court does not have subject matter jurisdiction over Cadle's claims, the court does not consider whether these claims would also present grounds for dismissal.

[5] The docket sheet for this case indicates that Woods did not file his own motion to dismiss or join in that of another defendant. Nonetheless, the claims against him raise the same jurisdictional questions as those against the other defendants, and the court dismisses the claims against Woods sua sponte.

3

million. After his death, the Co-Executors, as required by probate procedure, published a notice in local newspapers announcing September 11, 1986, as the bar date for creditors' claims. On July 30, 1986, the Bank sent the Estate's attorney a letter demanding payment of the note. The Estate's attorney twice replied to the Bank's letter, seeking further information about the Debt, but the Bank did not respond. The Bank eventually sold the note to Cadle on September 23, 1994. The Debt still remains unpaid.

A. State Court Litigation

In 1997, Cadle initiated proceedings in probate court against the Co-Executors seeking their removal, an accounting, and liquidation of the Estate. Specifically, Cadle alleged that the Co-Executors breached their fiduciary duties and mismanaged and wasted the Estate's assets. The probate court denied Cadle's motion. On appeal to the superior court,[6] Cadle presented evidence that the Co-Executors had, inter alia, made improper loans to the Beneficiaries and engineered a gratuitous tax-lien sale of an Estate property so that a social friend, through a

---

[6] Under Connecticut law, any person aggrieved by an order of the probate court may appeal to the superior court. See Conn. Gen. Stat. § 45a-186. The superior court hearing the appeal, however, "takes the place of and sits as a court of probate" and "tries the issues before it de novo," Bishop v. Bordonaro, 20 Conn. App. 58, 64 (1989), and therefore does not exercise general jurisdiction.

4

straw man, was able to purchase it.[7]

The case went to trial, but after Cadle presented its case-in-chief, the court dismissed the claims sua sponte. The court made no finding of whether there had been a breach of fiduciary duty. Rather, the court focused on the lack of evidence warranting removal of the Co-Executors. The court stated that Cadle had failed to meet its burden of proof to remove the Co-Executors because the evidence had established that: (1) the Co-Executors were engaged in ongoing negotiations with the principal creditor of the Estate to extend the timetable to pay off that debt; (2) the Co-Executors would be in a better position to continue the negotiations than a new professional executor; and (3) assets that had been characterized as tax losses that should have been sold in fact had value.

Cadle appealed to the Connecticut Supreme Court, arguing that the trial court improperly assigned it the burden of demonstrating that removal of the Co-Executors was warranted, rather than placing the burden on the Co-Executors to defend their actions. The Supreme Court rejected Cadle's argument and affirmed the trial court's dismissal of the claims. See Cadle

---

[7] The evidence Cadle presented to support its claim for breach of fiduciary duty is reviewed in detail in the Connecticut Supreme Court opinion. See Cadle Co. v. D'Addario, 268 Conn. 441, 450-53 (2004).

5

Co. v. D'Addario, 268 Conn. 441 (2004).

At the present time, the Estate is still being probated and at least five other actions are pending between Cadle and the Estate or the Co-Executors in probate court or superior court.[8] According to counsel, Cadle filed two of these claims in the probate court within the past few months.

B. The Federal Court Litigation

On June 15, 2001, well after Cadle filed claims against the Co-Executors in the probate court, Cadle filed this action. In support of the claims asserted in this action Cadle alleges that, since 1986, the Co-Executors have acted improperly and in breach of their fiduciary duties by: (1) making loans from the Estate to the Beneficiaries; (2) mismanaging the Estate's federal estate tax liability and fiduciary income tax liability; (3) failing to liquidate the Estate's assets in a timely manner to pay off the Estate's debts; (4) incurring excessive and inappropriate administrative fees; (5) incurring maintenance costs for residential properties used primarily or exclusively by the

---

[8] Three of these cases are: David D'Addario v. Appeal from Probate, Docket No. CV-02-0392497-S; Cadle Co. v. David D'Addario Exec., Docket No. CV-02-0395985-S; and Cadle Co. v. Appeal Probate Trumbull, Docket No. CV-02-0393556-S. Counsel have not provided the docket numbers for the last round of filings in the probate court.

6

Beneficiaries; and (6) failing to close the Estate after more than 15 years.

Although Cadle sought to remove the Co-Executors in the probate-court action, it seeks other remedies in this case, specifically, a surcharge against the Co-Executors, money damages personally from the Co-Executors, payment of the Debt, a charging order against the loans to the Beneficiaries, and imposition of a constructive trust on those loans.

## DISCUSSION

The Defendants argue that the probate exception to diversity jurisdiction precludes this court from exercising jurisdiction over Cadle's claims while the Estate remains in probate. The court agrees.

The probate exception on which the Defendants rely has been described as "one of the most mysterious and esoteric branches of the law of federal jurisdiction." Dragan v. Miller, 679 F.2d 712, 713 (7th Cir. 1982). Nonetheless, the Supreme Court has long recognized that even though the statutory requirements for diversity jurisdiction are otherwise met, a federal court may not exercise such subject matter jurisdiction if the court would be required to directly probate a will or administer an estate. See Moser v. Pollin, 294 F.3d 335 (2d Cir. 2002) (citing Markham v.

7

Case 3:01-cv-01103-AHN    Document 79    Filed 12/20/2005    Page 8 of 13

Allen, 326 U.S. 490, 494 (1946)). The probate exception, however, might also preclude federal court jurisdiction if the cause of action is indirectly related to the probate of a will or the administration of an estate. See Moser, 294 F.3d at 340. In determining whether the probate exception applies, a federal district court must consider whether entertaining the action would cause the court to (1) interfere with the probate proceedings, (2) assume general jurisdiction of the probate, or (3) assume control of property in the custody of the state court. See id. Here, the court concludes that the first prong of this test is dispositive of the jurisdictional question, as this court cannot consider Cadle's claims without interfering with the ongoing probate proceedings.

With five separate cases between Cadle and the Estate currently pending in the probate court or superior court, the Co-Executors argue that this case is duplicative and will prolong the probate proceedings. In opposition, Cadle argues that its claims in this action are distinct from its claims in the probate-court actions, and that, because it brings this action against the Co-Executors and the Beneficiaries in their personal capacities and not against the Estate itself, this case would not disrupt the probate proceedings. The court disagrees and

8

concludes that this suit could interfere unacceptably in the ongoing probate proceedings.

In gauging the disruption that a particular action may pose to an ongoing probate proceeding, the Second Circuit has drawn a distinction between in rem and in personam actions. Lamberg v. Callahan, 455 F.2d 1213, 1216 (2d Cir. 1972) (noting jurisdiction is improper over "disputes that would be incidental or ancillary to the in rem administration of an estate in state probate custody," but proper over an in personam claim "against an executor which will not disrupt the probate court's administration of the estate."). While this court clearly does not have jurisdiction to order, as the complaint requests, "[p]ayment of Cadle's claim against the Estate, plus interest," for this would amount to an in rem action against the Estate, the more difficult question is whether this court has jurisdiction to hear Cadle's other claims, which are more accurately described as in personam claims against the Co-Executors and the Beneficiaries. The court concludes that it does not have such jurisdiction.

According to the weight of authority, an action against an executor seeking a personal judgment for damages may be brought in a federal court only if a final accounting has been held in

9

the probate court and the executor has been released from further responsibility to that court. See Lefkowitz v. Bank of New York, No. 01 Civ. 6252 VM, 2003 WL 22480049 (S.D.N.Y. Oct. 31, 2003) (citing 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3610 (2d ed. 1984)). In Lefkowitz, the plaintiff sued the executors of her parents' estate in federal court for, inter alia, breach of fiduciary duty and conversion, two of the claims that Cadle asserts here. See id. at *1. The district court concluded that, because the disputed estate remained in probate, asserting federal jurisdiction would involve the court in determining the timing and amount of distributions from the estate, a matter that was solely within the province of the probate court, and thus the court found that the probate exception applied to the plaintiff's in personam actions for breach of fiduciary duty and conversion. See id. at *4.

Here, there has been no interim accounting of the Estate since 1996, much less the final accounting that Lefkovitz contemplates. Without a final accounting, the court would have great difficulty determining the core issues in this case -- whether the Co-Executors have breached their fiduciary duties in their management of the Estate and whether the Beneficiaries have

10

improperly benefitted from these actions. For example, Cadle's claim that the Co-Executors failed "to liquidate the Estate's assets in a timely manner to pay off the Estate's debts" would be difficult to determine without the benefit of a detailed and final accounting of the Estate's assets and distributions, something this court could not order without impermissibly interfering with the authority of the probate court. See Waterman v. Canal-Louisiana Bank & Trust Co., 215 U.S. 33, 45 (1909) (only a probate court can order an accounting of an estate). The court cannot determine whether a breach of fiduciary duty occurred merely by looking at isolated transactions. It must view the challenged transactions as much as possible in the context of the entire probate process.

Further, the potential res judicata and collateral estoppel implications of this action could also interfere with the probate proceedings and render them "a rubber-stamping enterprise." Moser, 294 F.3d at 343 (warning that the collateral estoppel or res judicata effects of a federal court action involving an estate could leave the probate court without any function to perform). That danger is present here, as the resolution of Cadle's breach of fiduciary duty claims would likely require the court to pass on the propriety of various transactions involving

11

the Estate, the Beneficiaries, and third parties, and its actions in doing so could have the effect of binding the probate court as it seeks a global resolution of the creditors' claims and closure of the Estate.

Moreover, on a more practical level, a finding by this court that the Co-Executors breached their fiduciary duties could interfere with the ultimate distribution of the assets. As counsel conceded at oral argument, if Cadle were to prevail on its breach of fiduciary duty claims, the measure of damages would presumably be the amount of the Debt. Such a finding would force the probate court to consider whether, under the terms of the will, the Estate was required to indemnify the Co-Executors for the damages in this action. If indemnification was required, this court would have effectively forced the probate court to order the Estate to distribute the Debt to Cadle outside of the probate process, as the indemnity paid by the Estate would equal the Co-Executors' damages. On the other hand, if indemnification was not required, the probate court, which has already recognized the validity of Cadle's claim, may yet order the Estate to pay the Debt, resulting in a double recovery for Cadle. This is precisely the sort of scenario that this court must avoid.

## CONCLUSION

For the foregoing reasons, the Defendants' motions to dismiss for lack of jurisdiction [dkt. ## 32, 34, 48] are GRANTED, and the clerk shall close this case.

SO ORDERED this 20th day of December, 2005, at Bridgeport, Connecticut.

                                    /S/
                              Alan H. Nevas
                              United States District Judge

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

CADLE CO.

    v                                      3:01cv1103 (AHN)

DAVID D'ADDARIO
LAWRENCE D'ADDARIO
F. LEE GRIFFITH, III
BARBARA PAOLINI
MATTHEW B. WOODS
VIRGINIA D'ADDARIO
ANN D'ADDARIO
MARY LOU D'ADDARIO

## JUDGMENT

This matter came on before the Honorable Alan H. Nevas, Senior United States District Judge, as a result of the defendants' motions to dismiss for lack of jurisdiction.

The Court heard oral argument on November 10, 2005 and has reviewed all of the papers filed in conjunction with the motions. On December 20, 2005 a ruling on defendants' motions to dismiss was entered by the court granting the motions of Barbara Paolini, David D'Addario, Lawrence D'Addario, Virginia D'Addario, Ann D'Addario and Mary Lou D'Addario. In the ruling the Court dismissed the claims against defendant Matthew B.Woods sua sponte. On January 5, 2006 the court entered an order vacating its earlier denial of the Cadle Company's motion to dismiss its claims against F. Lee Griffith, III and granted the motion to dismiss.

Therefore, it is ORDERED and ADJUDGED that judgment is entered for the defendants and the case is closed.

Dated a Bridgeport, Connecticut, this 10th day of January 2006.

                                              Kevin F. Rowe, Clerk

                                              By /s/ Alice Montz
                                                    Deputy Clerk

Entered on Docket _____